TSP DEVELOPMENT, LIMITED,
Appellant,

v.

TEXAS NATURAL RESOURCE
CONSERVATION COM-
MISSION, Appellee.

No. 03–99–00094–CV.

Court of Appeals of Texas,
Austin.

April 6, 2000.

James W. Ingram, Paul Seals, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Austin, for TSP.

Amanda Atkinson Cagle, Asst. Atty. Gen., Natural Resources Division, Austin, for TNRCC.

Before Chief Justice ABOUSSIE, Justices JONES and POWERS.*

JOHN E. POWERS, Senior Justice (Retired).

TSP Development, Limited ("TSP") appeals from a trial court judgment denying TSP relief on statutory causes of action brought against the Texas Natural Resource Conservation Commission (the "Commission").[1] We will reverse the judgment and remand the controversy to the Commission. See Tex.R.App. P. 43.2.

## THE CONTROVERSY

The material facts are undisputed and the relevant issues on appeal raise pure questions of law only, as discussed hereafter.

The legislature has authorized the Commission to issue permits for the construction, operation, and maintenance of solid-waste disposal facilities. See Tex. Health & Safety Code Ann. § 361.061 (West Supp. 2000). TSP filed with the Commission an application for the requisite permit to construct and operate such a facility within Chambers County. In the course of the administrative proceeding that followed, the Commission suspended consideration of the application and returned it to TSP. For reasons that will appear below, TSP contends on appeal that the agency action was prejudicial and legally erroneous. A chronological summary will aid in understanding the controversy.

October 1996. TSP filed with the Commission TSP's application for the permit. At the time, a subsisting statute provided as follows:

> The approval, disapproval, or conditional approval of an application for a permit shall be considered by each regulatory agency solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other duly adopted requirements in effect at the time the original application for the permit is filed.

Tex. Gov't Code Ann. § 481.143(a) (since repealed).[2]

February 1997. The Commission determined that TSP's application was "administratively complete" and began a "technical review" of the application. The quoted terms refer to stages of the Commission's consideration of such applications under

---

\* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. TSP sued the Commission for declaratory and ancillary relief under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 1997) and as "[a] person affected by a ruling, order, decision, or other act of the commission" under the Tex. Health & Safety Code Ann. § 361.321(a) (West Supp.2000) and the Texas Water Code Ann. § 5.351(a) (West 1988).

2. See Act of May 30, 1987, 70th Leg., R.S., ch. 374, § 1, sec. 7.003(a), 1987 Tex. Gen. Laws 1823, 1839, amended by Act of May 24, 1995, 74th Leg., R.S., ch. 794, § 1, sec. 481.143, 1995 Tex. Gen. Laws 4147, 4147, repealed by Act of June 1, 1997, 75th Leg., R.S., ch. 1041, § 51(b), 1997 Tex. Gen. Laws 3943, 3966. In section 481.12, the statute defined the word "permit" in terms that include the permit requested by TSP and the term "regulatory agency" to include the Commission. The statute included certain exceptions to its scope; none of the exceptions are applicable in the present litigation. Section 481.142 was repealed in 1997 by the legislative enactment of that year.

applicable statutory provisions and regulations.[3]

June 1, 1997. The legislature repealed former section 481.143(a) of the Texas Government Code requiring that permit applications be considered solely on the basis of regulations, ordinances, "or other duly adopted requirements in effect at the time the original application for the permit is filed." (*See supra* note 2 and accompanying text).

February 17, 1998. Chambers County adopted an ordinance designating specified areas of the county in which solid waste may be disposed and prohibiting the disposal of such wastes in all other areas of the county.[4] The facility site proposed by TSP in its application lies outside the areas where solid waste may be disposed and is, therefore, subject to the prohibition.

March 11, 1998. In a letter sent to TSP, the Commission's executive director informed TSP as follows:

The [Chambers County] Ordinance appears to be facially valid and prohibits TSP from disposing of solid waste on its proposed site. . . .

Under § 305.50(2) of the Commission's rules, an application for an industrial solid waste disposal permit must contain sufficient information to ascertain whether the facility will be constructed and operated in compliance with all pertinent state and local law relating to air, public health, and solid waste, 30 Texas Administrative Code § 305.50(2). At this point, it appears that TSP's proposed facility could not be operated in compliance with the new Ordinance, which relates to solid waste.

In addition, the letter referred to section 305.50(3) of the Commission's regulations, which required the executive director to ensure that any proposed facility would comply with the requirements of the Texas Solid Waste Disposal Act, including the requirement that a proposed site be "acceptable."[5] "It appears that TSP's pro-

3. The Commission is authorized to prescribe the form of permit applications, make reasonable requirements in that regard, and lay down "the procedures for processing" such applications. Tex. Health & Safety Code Ann. § 361.064 (West Supp.2000). An application is deemed "administratively complete" when submitted to the Commission together with any required reports and fees, at which point the application becomes ready for "technical review in accordance with" agency regulations. *Id.* § 361.068(a)(1), (2). After the Commission determines that "an application is administratively and technically complete," the application becomes "the subject of a contested case under Section 2001.003, Government Code," and "the commission may not revoke the determination that an application is administratively or technically complete." *Id.* § 361.068(b)(1).

After an application is determined to be "administratively complete," the Commission's executive director must "commence a technical review as necessary and appropriate"; the technical review must be completed within a specified period of time that may be adjusted for specified reasons and eventualities. *See* 30 Tex. Admin. Code § 281.19(a) (1999). The executive director must notify the applicant promptly if "additional technical material" is necessary for a complete review and give the applicant time to furnish the material. If essential additional information is not timely furnished, the executive director may return the application to the applicant, such decisions to "be made on a case by case basis." *Id.* § 281.19(b). The applicant may elect, however, to have "the question of sufficiency of necessary technical data referred to the commission for a decision instead of having the application returned." *Id.*

If the technical review proves satisfactory, the executive director prepares a draft permit and technical summary, with specified contents, to accompany the application. *Id.* § 281.21. These documents are referred then to the Commission for filing and setting. *Id.* § 281.22.

4. A "county may prohibit the disposal of solid waste in the county if the disposal of the solid waste is a threat to the public health, safety, and welfare." Tex. Health & Safety Code Ann. § 364.012(a) (West Supp.2000). To do so, an ordinance must be adopted by the commissioners court of the county in the general form prescribed for municipal ordinances and specifically designate "the area of the county in which solid waste disposal is *not* prohibited." *Id.* § 364.012(b) (emphasis added).

5. Section 305.50(2) of the Commission's regulations governs the contents of an application for an "Industrial Solid Waste Permit," and

posed site is not acceptable," the Commissioner stated, "because local law [the Chambers County ordinance] prohibits the siting of the facility in the area proposed by TSP."

The executive director concluded the letter by asking that TSP provide information demonstrating that the "proposed site will comply with the" Chambers County ordinance, stating that he intended to return the application to TSP if the information was not furnished; or, alternatively, "TSP may have the question of sufficiency of necessary technical data referred to the Commission in lieu of the Executive Director returning the application to TSP."

April 1998. Chambers County amended the ordinance in particulars not material here.

May 1998. After TSP elected to have the Commission determine the question of "sufficiency of necessary technical data," the Commission considered the question and voted to affirm the executive director's decision.

June 1, 1998. The Commission issued its order affirming the executive director's "decision to discontinue technical review of" the TSP application and to return it to TSP.

June 5, 1998. TSP sued in district court the present cause for relief from the Commission's decision.

February 4, 1999. The district court signed a final judgment affirming the Commission's order.

TSP perfected an appeal to this Court from the trial court judgment, assigning

seven errors as grounds for reversing the judgment. We need consider only the first assignment of error, to-wit: "The Commission erred when it required TSP to demonstrate compliance with an ordinance adopted by Chambers County after TSP filed its permit application" with the Commission.

### DISCUSSION AND HOLDINGS

TSP contends former section 481.143(a) of the Texas Health and Safety Code required the Commission to consider TSP's application "solely on the basis of ... ordinances ... in effect at the time" TSP filed its application. Tex. Health & Safety Code § 481.143(a) (since repealed, *see supra* note 2). Consequently the Commission erred to TSP's prejudice when the agency suspended consideration of TSP's application solely on the basis of a Chambers County ordinance that was adopted more than a year after TSP filed its application.

Nevertheless, Chambers County adopted the ordinance after the legislature's 1997 repeal of former section 481.143(a); and, of course, the Commission issued afterward its order dated June 1, 1998, of which TSP complains on appeal.

Unless the legislature qualified or limited the effect of its 1997 repeal of former section 481.143(a), the Commission was required to give the repeal immediate effect in the administrative proceeding then before the agency, and any right TSP possessed under former section 481.143(a) terminated contemporaneously with its re-

---

requires that "[t]he information provided shall be sufficiently detailed and complete to allow the executive director to ascertain whether the facility will be constructed and operated in compliance with all pertinent state and local air, water, public health, and solid waste statutes." 30 Tex. Admin. Code § 305.50(2) (1999). Subsection (3) requires that an applicant submit any other information the executive director deems necessary to determine whether a proposed facility will comply with the Texas Solid Waste Disposal Act. *See id.* § 305.50(3).

Section 351.069 of the Texas Solid Waste Disposal Act, given by the executive director as an additional basis for his action, provides as follows: "The commission in its discretion may, in processing a permit application, make a separate determination on the question of land use compatibility, and, if the site is *acceptable*, may at another time consider other technical matters concerning the application." Tex. Health & Safety Code Ann. § 361.069 (West Supp.2000) (emphasis added).

peal. *See Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982); *National Carloading Corp. v. Phoenix–El Paso Express, Inc.*, 142 Tex. 141, 176 S.W.2d 564, 568 (1943).

After the Commission issued its order of June 1, 1998, and after the district court affirmed the order in a final judgment signed February 4, 1999, the supreme court delivered its decision on motion for rehearing in *Quick v. City of Austin*, 7 S.W.3d 109 (Tex.1999). The court held that the 1997 repeal of former section 481.143(a) *was*, indeed, qualified and limited by the general savings provisions found in section 311.031(a) of the Government Code.[6] *See* Tex. Gov't Code Ann. § 311.031(a) (West 1998); *Quick*, 7 S.W.3d at 130.

■ Because *Quick* holds the 1997 repeal of former section 481.43(a) *was* qualified and limited by section 311.031(a), the repeal "does not affect" the pre-repeal operation of former section 481.143(a) or any action taken under it, any right or privilege previously acquired or accrued under that section, or any proceeding concerning any privilege or obligation, as if section 481.143(a) had never been repealed, all as stated in section 311.031(a). Consequently, we hold that TSP is entitled to have the Commission consider TSP's application as if section 481.143(a) were in effect during the entire course of the permit-application proceeding in the Commission.

The Commission contends the *Quick* decision is limited to the situation where a regulatory agency (the City of Austin in *Quick*) seeks to apply its *own* regulation to an application filed before adoption of the regulation: "*Quick* does not speak specifically to the issue in this case," the Commission argues, "which concerns whether one governmental body has a duty to continue processing a permit application when another governmental body takes action that would make the issuance of the permit a useless act" wasteful of the Commission's time and resources. *See City of Plano v. Public Util. Comm'n*, 953 S.W.2d 416, 422 (Tex.App.—Austin 1997, no writ) (utility commission's issuance of certificate of convenience and necessity does not exempt regulated utility from compliance with city ordinances); 30 Tex. Admin. Code § 305.122(a) (1999) ("[t]he issuance of a permit does not authorize any ... infringement of state or local law or regulations."); *see also* Tex. Health & Safety Code Ann. § 361.096(a) (West 1992) ("except as specifically provided by this chapter, this subchapter does not limit the powers and duties of a local government or other political subdivision of the state as conferred by this or other law.").[7]

---

**6.** With exceptions not material here, section 311.031(a) of the Texas Government Code provides that "the reenactment, revision, amendment, or repeal of a statute does not affect:

> (1) the prior operation of the statute or any prior action taken under it;
> (2) any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred under it;
> ....
> (4) any investigation, proceeding, or remedy concerning any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced ... as if the statute had not been repealed or amended.

Tex. Gov't Code Ann. § 311.031(a) (West 1998).

**7.** We observe, however, that the powers and duties of local governments and their relationship to the Commission's authority are governed particularly, in the management of solid waste, by sections 361.151–167 of the Texas Health and Safety Code. *See* Texas Health & Safety Code Ann. §§ 361.151–.167 (West 1992 & Supp.2000). A county's exercise of its powers in the field does not preclude the Commission's exercise of its powers, including the Commission's powers pertaining to the issuance of "a permit to construct, operate, and maintain a facility to process, store, or dispose of solid waste" (§ 361.151(b)), and the Commission may, "by specific action or directive ... supersede any authority granted to or exercised by a county under" Chapter 361 of the Code (§ 361.151(c)). These would appear to be an exception "specifically provided by" Chapter 361. That matter is not now

We disagree entirely with the Commission's interpretation of the *Quick* opinion. Nothing in the text of the opinion suggests a theory that former section 481.143(a) continues in force after its repeal only in selected cases—those in which a regulatory agency seeks to apply its own regulation to a previously filed application—but was repealed without limitation or qualification in all *other* cases. The tenor and effect of the *Quick* opinion will not sustain such a theory. *Quick* holds simply that all rights and privileges *acquired* under former section 481.143(a) before its repeal were not abolished by the repeal. One such acquired right is TSP's statutory right to have its application considered by the Commission solely on the basis of regulations and ordinances in effect at the time TSP filed its application, as stated explicitly in former section 481.143(a).

■ We disagree as well with the other elements of the Commission's argument. The *applicability*, not the *validity*, of the Chambers County ordinance is in question here. It is and remains a presumptively valid ordinance until proved otherwise; but it cannot apply to the Commission's consideration of TSP's application by reason of the right acquired by TSP before the repeal of former section 481.143(a). And the Chambers County ordinance was the *sole* basis upon which the Commission suspended consideration of TSP's application in the agency's order of June 1, 1998—a legally erroneous basis under *Quick.*

We cannot now speculate as to the outcome of any future administrative or judicial proceeding in which Chambers County might seek to enforce its ordinance in the face of a Commission permit, should one ultimately be issued to TSP after proper consideration, authorizing a waste-disposal facility at the site requested by TSP.[8] Consequently, we cannot assume that the Commission's further processing of TSP's

application in the ordinary manner will be a wasteful and useless act.

The sole issue here is whether the Commission was justified in *considering* the Chambers County ordinance in its technical review of TSP's application, as against the explicit prohibition of former section 481.143(a) and the right acquired by TSP before repeal of that statute. *Quick* construed former section 481.143(a) to forbid such consideration. By considering the ordinance as the sole basis of the agency's order of June 1, 1998, the Commission abused its discretion.

We reverse the trial court judgment and remand the controversy to the Commission.

---

before us, however, as explained in the text above.

**8.** *See supra* note 7.